J-S36007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERMAINE WILLIAMS | |
| Appellant | No. 2392 EDA 2016 |

Appeal from the PCRA Order June 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0403571-1996

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.          **FILED SEPTEMBER 15, 2017**

In 1997, a jury convicted Appellant, Jermaine Williams, of first-degree murder arising from the shooting death of Kenneth Billie. During the trial, Williams conceded that he had killed Billie, but argued that he had acted in self-defense. Currently before us is his third petition for relief pursuant to the Post Conviction Relief Act ("PCRA") that the Court of Common Pleas dismissed as untimely. As we agree with the PCRA court's conclusion that Williams did not successfully invoke the newly discovered evidence exception to the PCRA's time-bar, we affirm.

Williams implicitly concedes that the instant petition, filed over 14 years after his judgment of sentence became final, is facially untimely. ***See***

Appellant's Brief, at 5.[1] However, he argues that his recent "discovery" of a document is newly discovered evidence that entitles him to an exception to the PCRA's time bar.

Williams highlights a police officer's testimony about the lack of fingerprints on a firearm found at the crime scene. This testimony undercut Williams's theory that Billie brandished a firearm before he shot Billie. The relevant document that Williams has just discovered is the Philadelphia Police Department fingerprint analysis policy that was in effect at the time of the investigation into the killing of Billie. He argues that the policy demonstrates that the officer perjured himself when testifying to the method he used to determine that there were no fingerprints on the firearm.

In order to establish that he is entitled to an exception to the PCRA's time bar under § 9545(b)(1)(ii), Williams must establish that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

---

[1] Williams's judgment of sentence became final on April 8, 2001. **See Commonwealth v. Williams**, 3087 EDA 2008, at 5 (Pa. Super., filed October 27, 2009) (unpublished memorandum).

Williams's belief that the officer committed perjury has a long history. *See Williams*, 3087 EDA 2008, at 6 (noting that Williams first challenged the officer's testimony in a March 29, 2004 letter). Indeed, we affirmed the dismissal of Williams's second PCRA petition, filed in 2007, which raised the issue of the alleged perjury, by concluding that Williams had not established that he had exercised due diligence in pursuing this claim. *See id*., at 8. An additional eight years of delay has not mitigated this defect.

This avenue of investigation was available to Williams in 2004. To establish due diligence, he was required to prove that he could not have possibly obtained the fingerprint policy prior to when he did. This he has not done. We therefore affirm the order dismissing his third PCRA petition as untimely.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017